186 So. 549

### FIRST NAT. BANK OF ANNISTON et al.
### v. WELLBORN.

#### 7 Div. 534.

Supreme Court of Alabama.

Feb. 9, 1939.

Knox, Acker, Sterne & Liles, of Anniston, for appellants.

James F. Matthews, of Anniston, for appellee.

ANDERSON, Chief Justice.

Bill by appellee, Wellborn, to enforce payment of certain notes and to foreclose a lien on certain bank stock transferred to him as collateral security for the payment of said notes, said notes and transfer being executed by James T. Gardner and A. J. Goodwin.

184

The bill avers the death of Gardner some years ago, and makes Kathleen Gardner and the First National Bank as co-administrators, parties respondent. It also makes A. J. Goodwin, and the said bank, in its individual capacity, parties respondent.

Numerous grounds of demurrer were interposed and overruled by the trial court, but the only errors insisted upon are by Kathleen Gardner and the bank and go to the sufficiency of the bill as to the right to claim a lien upon the dividends. It seems that the transfer was for eighty shares of the bank stock and as to which there is no controversy, but the bill charges that after the transfer or pledge of said eighty shares, forty more shares of stock dividends were issued on said eighty shares. The bill also charges that certain dividends were paid to the pledgor, Gardner, and his legal representatives after the transfer of the stock to the appellee and after the bank had notice that stock had been pledged.

■ "Rights of Pledgors and Pledgees.—As between the pledgor and the pledgee of stock, dividends declared during the continuance of the pledge belong to the pledgee, and this is true although the pledgee has failed to procure registration on the books of the corporation. The pledgee not only has a right, but is in duty bound, to collect the dividends on the stock, and apply them to the debt for which the stock is pledged, or to hold them as trustee for the pledgor. The dividends follow the stock into the hands of the person who is the legal holder of the stock. While the general property in the stock remains in the pledgor, the pledgee has such a title therein as would authorize and require him to collect the dividends. Of course, where, by a special contract, the pledgor reserves the right to collect the dividends himself, this rule does not apply. If the transfer of the stock has not been entered on the books of the corporation, but the corporation, with notice of the transfer, pays dividends, to the pledgor, it becomes liable for the amount of them to the pledgee; but if the corpo-

ration has no notice of an unregistered transfer, it will be protected in paying dividends to the pledgor, who will receive them as trustee for the pledgee and be answerable accordingly." Section 268, 7 R.C.L., Page 293.

■ The legal representatives of the pledgor, Gardner, in legal effect, stand in his shoes and the forty shares of the stock dividends are subject to the appellee's lien under the pledge of the eighty original shares.

The remaining question is the liability of the bank individually to account for the dividends paid to the pledgor or his legal representatives after notice of the pledge of the stock to the appellee. We need not question the quotation from the Alabama Act, 1931, to-wit: "Nothing in this act shall be construed as forbidding a corporation, (a) To recognize the exclusive right of a person registered on its books as the owner of shares to receive the dividends." Gen.Acts 1931, p. 566, § 3.

■ This provision does not mean that the corporation has a right to ignore a notice by the pledgee or lienor that he has a lien or claim on the stock and dividends. notwithstanding his claim is not registered on the books. The bill charges that the appellee upon the pledge of the stock "requested the bank to note upon its stock records the fact of such pledge."

■ Moreover, as we view the situation, the dividends paid out by the bank went to the pledgor or his representatives. and the claim against the bank for said dividends should, in equity, be treated as secondary and the bank should not be held accountable for same except in the event of a failure to collect the debt from the proceeds of the stock, or out of the assets of the estate. The bill offers to do, equity and the trial court should, and no doubt will, mold the decree accordingly.

The decree of the circuit court is affirmed.

Affirmed.

THOMAS, BROWN, and KNIGHT, JJ., concur.